JUDGE JONES

07 CV 6301

J. Vincent Reppert (JR-1984)
REPPERT KELLY, LLC
403 King George Road, Suite 201
Basking Ridge, New Jersey 07920
(908) 647-9300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

OLEG CASSINI, INC.,                          :        Case No.

                Plaintiff,              :

      v.                                       :

WEBER'S 32ND ST. CORP.,                      :        **COMPLAINT**
                                **[ECF CASE]**
                Defendant.              :

-------------------------------------------------------X

JUL 10 2007

        Plaintiff, Oleg Cassini, Inc. ("plaintiff" or "OCI"), by its attorneys, Reppert Kelly, LLC,

for its complaint against defendant Weber's 32nd St. Corp. ("defendant" or "Weber's"), alleges as

follows:

### NATURE OF ACTION, JURISDICTION AND THE PARTIES

        1.      OCI is a New York corporation with its principal place of business in the City,

County and State of New York.

        2.      Weber's is a New York corporation with its principal place of business located at

116 West 32nd Street, New York, New York. Weber's operates stores selling off price and

discount merchandise, including apparel, to the general public.

        3.      This action arises out of defendant's infringement of OCI's federally registered

"Oleg Cassini" and "Cassini" trademarks (both are collectively referred to herein as the "Cassini

marks") and unfair competition in violation of Sections 32 and 43(a)(1) of the Lanham Act, 15

U.S.C. §§ 1114(1) and 1125(a)(1); for dilution in violation of § 3(c) of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c); for trademark infringement and dilution under New York General Business Law, § 360; and for unfair competition under the common law of the State of New York. Plaintiff seeks a permanent injunction prohibiting defendant from selling counterfeit "Cassini" merchandise. Plaintiff also seeks damages, including treble damages for willful infringement, lost profits and payment of its reasonable attorneys fees.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 15 U.S.C. § 1121. Supplemental subject matter jurisdiction for the state law claims is based on 28 U.S.C. § 1367. This Court has personal jurisdiction over the defendant by virtue of the fact that it is located and doing business within the State and City of New York. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

5.      The Cassini marks have been registered for decades with the United States Patent and Trademark Office under various registration numbers, including, but not limited to, 650,952; 657,489; 887,533; 1,340,131 and 1,350,729. The marks have also been registered throughout the world and are now incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

6.      The "Cassini" name enjoys a famous and valuable goodwill and reputation for quality and excellence around the world covering a broad range of products including, but not limited to, clothing and apparel, jewelry and fragrances. The Cassini marks may be used only as expressly licensed and authorized by OCI.

7.      In or about April of 2007, Weber's was offering for sale in its stores shirts bearing the "Cassini" trademark. Weber's offered and sold such Cassini merchandise at prices substantially below market value.

8.      Defendant has not now or ever been licensed or authorized to sell merchandise or trade under the name "Cassini" with respect to any product in the world.  In addition, none of OCI's licensees are authorized to sell "Cassini" merchandise to Weber's.  Nor is OCI aware that any of its licensees have sold any such merchandise to Weber's.

9.      Immediately upon learning of defendant's actions, plaintiff attempted to stop Weber's from improperly marketing and/or selling Cassini products.  Plaintiff's attorney notified defendant in writing that Weber's unauthorized sale of Cassini goods was improper and constituted an infringement of the Cassini mark and demanded that it cease and desist from continuing to sell Cassini merchandise.  As of on or about June 7, 2007 Weber's advised plaintiff that it is no longer selling Oleg Cassini shirts.

10.     Defendant has been made aware by plaintiff, and is on notice of the goodwill and reputation represented and symbolized by the Cassini name and trademark.  Despite repeated requests and demands by plaintiff, defendant has refused to provide OCI with information regarding its acquisition, marketing and sale of the Cassini goods even after having been placed on notice that such acquisition, marketing and sale was improper and unlawful.

11.     Defendant's sales of the Cassini goods has likely caused confusion, mistake or deception to the public, and has likely caused the public to believe that defendant's products are or were plaintiff's design or are authorized, sponsored or approved by plaintiff, or are otherwise affiliated or connected with plaintiff and the Cassini designer label.

12.     Defendant's activities are therefore likely to result in (or have already resulted in) the substitution and passing off of their merchandise to purchasers seeking to purchase Cassini designer merchandise, or cause purchasers to believe that they have purchased Cassini designer merchandise, when such is clearly not the case.

13.     Defendant's activities have caused irreparable harm to plaintiff and to the substantial goodwill embodied in the Cassini marks.  Plaintiff's ownership of the mark has been infringed in this country and perhaps throughout the world as a result of the unauthorized use of the name "Cassini" in connection with the merchandising and sale of Cassini goods resulting in the dilution of the Cassini marks.

14.     Defendant's infringement is willful.

15.     Defendant's acts have diluted the value of the Cassini marks.

## FIRST COUNT
### (Trademark Infringement Under 15 U.S.C. § 1114)

16.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

17.     Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND COUNT
### (Unfair Competition Under 15 U.S.C. § 1125(a)(1))

18.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

19.     Defendant's conduct constitutes unfair competition and the use of false designations, descriptions and representations in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

## THIRD COUNT
### (Dilution Under 15 U.S.C. § 1125(c))

20.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

21.    Defendant's conduct has, improperly diluted the value of plaintiff's famous trademark in violation of Section 3(c) of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

## FOURTH COUNT
### (State Trademark Infringement under N.Y. Gen. Bus. Law § 360-k)

22.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

23.    Defendant's conduct constitutes trademark infringement under N.Y. Gen. Bus. Law § 360-k.

## FIFTH COUNT
### (State Unfair Competition under New York Law)

24.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

25.    Defendant's conduct constitutes unlawful, unfair, or fraudulent business practices under the common law of the State of New York.

## SIXTH COUNT
### (State Dilution Under N.Y. Gen. Bus. Law § 360-l)

26.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

27.    Defendant's conduct has and may in the future injure plaintiff's business reputation and improperly dilute the value of plaintiff's trademark in violation of N.Y. Gen. Bus. Law § 360-l.

WHEREFORE, plaintiff demands that this Court enter judgment:

1.    Enjoining and restraining defendant, its officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with

it or any of them from (a) using the Cassini trademark or any mark similar thereto in connection with the unauthorized sale of merchandise; (b) manufacturing, distributing, selling, converting or causing to be manufactured, distributed, sold or converted in any fashion whatsoever goods or merchandise bearing the Cassini trademark; (c) using any logo or trademark which falsely represents or deceives any person into believing that goods or merchandise are sponsored by or associated with the Cassini trademark; or (d) otherwise infringing upon plaintiff's ownership of the Cassini trademark.

2.      Directing defendant to recall from any and all channels of distribution any products and/or sales, advertising or promotional material distributed by defendant bearing any trademarks, logos or designations in violation of plaintiff's rights as decreed herein.

3.      Directing defendant to file with the Court and serve upon counsel for plaintiff, within thirty (30) days after entry of any injunction issued by this Court in this action, a sworn written statement as provided by 15 U.S.C. § 1116.

4.      Directing defendant to account to plaintiff for its profits arising from the conduct complained of herein pursuant to 15 U.S.C. § 1117.

5.      Directing defendant to deliver up for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all merchandise, labels or other materials in its possession, custody or control which bear any trademark or designation in violation of plaintiff's rights as decreed herein.

6.      Awarding plaintiff damages in an amount to be determined at trial.

7.      Awarding plaintiff treble damages pursuant to 15 U.S.C. § 1117(b) and N.Y. Gen. Bus. Law § 360-m for defendant's willful infringement.

8.      Awarding statutory damages in accordance with 15 U.S.C. § 1117(c) for willfully selling counterfeit Cassini-labeled merchandise.

9.      Awarding plaintiff prejudgment interest.

10.     Awarding plaintiff reasonable attorneys fees, taxable costs and disbursements pursuant to 15 U.S.C. § 1117, in view of defendant's willful infringement.

11.     Awarding plaintiff such other and further relief as the Court deems just and proper.

Dated:  Basking Ridge, New Jersey
        July 5, 2007

                                REPPERT KELLY, LLC


                                By: _J. Vincent Reppert_
                                J. Vincent Reppert (JR 1984)
                                403 King George Road, Suite 201
                                Basking Ridge, New Jersey 07920
                                (908) 647-9300

                                1350 Broadway, 10th Floor
                                New York, New York 10018
                                (212) 490-0988

                                Attorneys for Plaintiff