UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
OLEG CASSINI, INC.,

              Plaintiff,           Case No. 07 CV 6301 (BSJ)(HP)

      v.

WEBER'S 32ND ST. CORP.,

              Defendants.
------------------------------X

## NOTICE OF MOTION

SIRS:

    PLEASE TAKE NOTICE, that upon the annexed Declaration of Neil A. Miller, Esq., dated September 7, 2007, the exhibits annexed thereto, and upon all of the pleadings and proceedings heretofore had herein, the undersigned will move this Court, before the Honorable Barbara S. Jones, Judge, at the Courthouse thereof, located at 500 Pearl Street, New York, New York, on September 28, 2007, at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 28 U.S.C. section 1367[c][3], dismissing each and every claim contained in the complaint of plaintiff Oleg Cassini, Inc. and granting such other and further relief as to the Court seems just and proper.

Dated:  Mineola, New York
       September 7, 2007

                             MILLER, ROSADO & ALGIOS, LLP

                             By: s/_____

                                        Neil A. Miller (NM-9078)
                                Louis Algios, Esq.
                                Attorneys for Defendant
                                200 Old Country Road
                                Suite 590
                                Mineola, New York 11501
                                (516) 512-0200

TO:

J. Vincent Reppert, Esq.
REPPERT KELLY, LLC
Attorneys for Plaintiff
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 647-9300

1350 Broadway
10th Floor
New York, New York 10018
(212) 490-0988

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------X
OLEG CASSINI, INC.,

               Plaintiff,          Case No. 07 CV 6301 (BSJ)(HP)

      v.

WEBER'S 32ND ST. CORP.,

               Defendants.
----------------------------X

### DECLARATION IN SUPPORT OF MOTION TO DISMISS

    I, NEIL A. MILLER, hereby declare pursuant to 28 U.S.C. section 1746:

    1.  I am a partner in Miller Rosado & Algios, attorneys for defendant, and I have personal knowledge of the matters set forth below.  I submit this affidavit in support of defendant's motion to dismiss all six of the claims for relief asserted in the complaint herein.

    2.  This is an action by the plaintiff shirt designer which appears to allege primarily that the defendant retailer's unauthorized sales of plaintiff's shirts at discounted prices are violations of different sections of the Lanham Act and certain New York State Statutes.

    3.  The complaint is vague and ambiguous as to whether the shirts that defendant had sold were genuine Oleg Cassini goods and bore a true and correct Oleg Cassini mark.  Plaintiff or its attorneys, prior to litigation, were in possession of one shirt that had been stocked by defendant, and thus were in a position

to make a clear allegation in that regard (see letter dated April 20, 2007 from J. Vincent Reppert, Esq. to defendant and the attachments thereto, exhibit A hereto).

4.  By my letter to Mr. Reppert dated July 18, 2007, I requested clarification from Mr. Reppert on this point (exhibit B hereto).  I suggested that if it was plaintiff's intention to allege that the shirts sold by defendant were not genuine Oleg Cassini goods or did not bear a true and correct Oleg Cassini mark, that he amend his complaint to make such allegations if there was a good faith basis for doing so (id.).

5.  I received a response by letter dated July 19, 2007 from Eric M. Underriner, Esq., a different attorney at Mr. Reppert's firm (exhibit C hereto).  The gravamen of his response was that plaintiff (wrongly) believed that sales without proper authorization from the trademark holder are "gray market," but he then stated that plaintiff's investigation "has lead [*sic*] us to conclude that the goods are counterfeit or not intended for sale in this geographic market" (id., emphasis supplied).  My letter in response dated July 23, 2007 (exhibit D hereto), among other things, pointed out that since plaintiff's investigator has at least one shirt in his possession, plaintiff was in a position to state whether the shirt is counterfeit or not (id.).

6.  I reiterate this history so that, even for the purposes of a motion to dismiss, the Court should deem the vague and ambiguous complaint as not alleging that the Oleg Cassini goods

sold by defendant are counterfeit.  We gave plaintiff every
opportunity to amend its complaint as of right to make that
explicit allegation, and it chose <u>not</u> to do so.  Rather, the
complaint should be interpreted as alleging only that defendant
was not licensed or authorized to sell plaintiff's goods.  As
discussed in the accompanying memorandum of law, as so
interpreted, plaintiff is unable to state a claim for relief.

I declare under penalty of perjury that the foregoing is
true and correct.

Executed on September 7, 2007

s/_____
NEIL A. MILLER