LAW OFFICES

# REPPERT KELLY, LLC

403 KING GEORGE ROAD, SUITE 201
BASKING RIDGE, NEW JERSEY 07920
TELEPHONE: (908) 647-9300
FACSIMILE: (908) 647-9301

NEW YORK OFFICE
1350 BROADWAY
10th FLOOR
NEW YORK, NEW YORK 10018
TELEPHONE: (212) 490-0988
FACSIMILE: (212) 490-0287

EMAIL: EUNDERRINER@REPPERTKELLY.COM

J. VINCENT REPPERT †
CHRISTOPHER P. KELLY +
LISA J. REPPERT *‡
ERIC M. UNDERRINER†
KASIA WALCH†

OF COUNSEL
BART S. OATES *

† MEMBER NY & NJ BARS
* MEMBER NJ BAR
‡ CERTIFIED BY THE SUPREME COURT OF
  NEW JERSEY AS A CIVIL TRIAL ATTORNEY

July 19, 2007

**VIA FACSIMILE AND REGULAR MAIL**
Neil A. Miller, Esq.
Miller Rosado & Algios, LLP
200 Old Country Road, Suite 590
Mineola, New York 11501
Fax: (516)741-7758

    Re:    <u>Oleg Cassini, Inc. v. Weber's 32nd Street Corp.
              Dkt. No. 07 CV 6301 (S.D.N.Y.)</u>

Dear Mr. Miller:

       We write in response to your letter dated July 18, 2007. As an initial administrative matter, please address all future correspondence to my attention.

       In response to the substance of your letter, we disagree with your interpretation of the allegations set forth in the Complaint, as well as the governing law. Your reference to the *Polymer II* case appears to indicate that you believe that the goods your client is selling are in fact authentic, yet sold without proper authorization from the trademark holder—in other words *Gray Market*; and as such, your client is not infringing the Cassini trademark. I suggest you review *Polymer II* again, as well as *El Greco Leather Products Co. v. Shoe World*, 806 F. 2d 392 (2d Cir. 1986); *Helene Curtis v. National Wholesale Liquidators*, 890 F. Supp 152 (E.D.N.Y. 1995); *Original Appalachian Artworks, Inc. v. Granada Electronics, Inc.*, 816 F.2d 68, 72-73 (2d Cir. 1987); *Krasnyi Oktyabr v. Trilini Imports, et al.*, 2007 U.S. Dist. Lexis 23733 (E.D.N.Y. 2007); *VAS Industries, Inc. v. New York Sound, LLC et al.*, 2006 U.S. Dist. Lexis 41427 (S.D.N.Y. 2006); *Phillip Morris USA Inc. v. Veles, Ltd et al.* 2007 U.S. Dist Lexis 19780 (S.D.N.Y. 2007). As you will note, the aforementioned cases set forth a non-exhaustive list of exceptions to the "genuineness" of *Gray Market* goods.

       In addition, and as a direct result of your client's refusal to cooperate in our investigation as to the source of the goods at issue, our investigation has lead us to conclude that the goods are counterfeit or not intended for sale in this geographic market. As discovery in this matter progresses, other exceptions to the *Gray Market* genuineness analysis may also come to light—

Neil A. Miller, Esq.
July 19, 2007
Page 2 of 2

but as of now, we believe that we have properly investigated the allegations and properly plead the causes of action set forth in the Complaint. We afforded your client every opportunity to avoid the filing of this Complaint—but their refusal has lead to the inescapable conclusion that the goods are counterfeit and left us no option but to resort to litigation to protect the Cassini trademark.

As an additional matter, we relied upon your previous representation that your client has removed the offending merchandise from its stores, and therefore did not move for a temporary restraining order. Subsequent to your representation, we were informed that your client may still be selling the infringing merchandise. Could you please confirm, in writing, that in fact, all of the merchandise has been removed from the sales floor and you client is no longer selling it.

If you have any questions, please feel free to contact me at the above number and email address.

Very truly yours,

Eric M. Underriner