```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
OLEG CASSINI, INC.,

                Plaintiff,        Case No. 07 CV 6301 (BSJ)(HP)

        v.

WEBER'S 32ND ST. CORP.,

                Defendants.
-----------------------------X
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

```
                                  MILLER, ROSADO & ALGIOS, LLP
                                  Neil A. Miller
                                  Louis Algios, Esq.
                                  Attorneys for Defendant
                                  200 Old Country Road
                                  Suite 590
                                  Mineola, New York 11501
                                  (516) 512-0200
```

**Table of Contents**

Preliminary Statement ..................................... 1

The Complaint Herein ...................................... 2

POINT I

    THE COMPLAINT FAILS TO STATE A CLAIM FOR
    TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION .......... 5

POINT II

    THE COMPLAINT FAILS TO STATE A CLAIM FOR DILUTION ..... 8

Conclusion ............................................... 10

**Table of Authorities**

<u>Cases</u>

<u>Helene Curtis</u> v. <u>National Wholesale Liquidators, Inc.</u>,
    890 F.Supp. 152 (E.D.N.Y. 1995) . . . . . . . . . . . . . .   6, 7

<u>H.L. Hayden Co. of New York, Inc.</u> v. <u>Siemens Medical
Systems, Inc.</u>,
    879 F.2d 1005 (2nd Cir. 1989) . . . . . . . . . . . . . . . .   2, 7

<u>Hormel Foods Corp.</u> v. <u>Jim Henson Productions, Inc.</u>,
    73 F.3d 497 (2nd Cir. 1996) . . . . . . . . . . . . . . . . .   9

<u>Katz</u> v. <u>Modiri</u>,
    283 F.Supp.2d 883, 900 (S.D.N.Y. 2003) . . . . . . . .   9

<u>Krasnyi Oktyabr, Inc.</u> v. <u>Trilini Imports</u>,
    2007 WL 1017620 (E.D.N.Y. 2007) . . . . . . . . . . . . . .   7, 8

<u>Louis Vuitton Malletier</u>, v. <u>Dooney & Burke, Inc.</u>,
    454 F.3d 108 (2nd Cir. 2006) . . . . . . . . . . . . . . . . .   7

<u>Philip Morris USA Inc.</u> v. <u>Veles Ltd.</u>,
    2007 WL 725412 (S.D.N.Y. 2007) . . . . . . . . . . . . . . .   6

<u>Polymer Technology Corp.</u> v. <u>Mimran</u>,
    37 F.3d 74 (2nd Cir. 1994) . . . . . . . . . . . . . . . . . . . .   2, 6, 7

<u>R.J. Reynolds Tobacco Co.</u> v. <u>Cigarettes Cheaper!</u>,
    462 F.3d 690 (7th Cir. 2006) . . . . . . . . . . . . . . . . . .   6

<u>Statutes</u>

15 U.S.C. section 1114(1) ................................ 5

15 U.S.C. section 1125(a)(1) ............................. 5

15 U.S.C. section 1125[c] ............................. 8, 9

28 U.S.C. section 1367[c][3] ............................. 4

N.Y. General Business Law section 360-k ................. 5

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
OLEG CASSINI, INC.,

              Plaintiff,         Case No. 07 CV 6301 (BSJ)(HP)

       v.

WEBER'S 32ND ST. CORP.,

              Defendants.
-----------------------------X
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Preliminary Statement

This is an action in which defendant Weber's 32nd St. Corp., having obtained genuine plaintiff Oleg Cassini goods from sources outside of the chain of plaintiff's authorized dealers, is being sued for no apparent reason other than that it is not an authorized dealer and sells plaintiff's goods to the general public at discount prices. The complaint sets forth six different claims for relief - three under the Lanham Act and three under New York State statutory and common law - all based upon the mere allegation that defendant has never been licensed or authorized to sell plaintiff's merchandise.

Defendant now moves to dismiss each and every count alleged in the complaint. As discussed below, the trademark and unfair competition claims asserted pursuant to 15 U.S.C. sections 1114 and 1125(a)(1) and New York statutory and common law fail because "an action will not arise when the goods being sold are genuine

1

goods bearing a true mark" (Polymer Technology Corp. v. Mimran, 37 F.3d 74, 78 [2nd Cir. 1994]; H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc., 879 F.2d 1005, 1023 [2nd Cir. 1989]). The dilution claims under both 15 U.S.C.A. section 1125[c] and New York General Business Law section 360-l fail to plead the required elements of such claims.

## The Complaint Herein

For the purposes of this motion only, all of the allegations of the complaint are assumed to be true.

The complaint alleges that plaintiff's marks "Oleg Cassini" and "Cassini" have been registered for decades, and that the Cassini name enjoys "a famous and valuable goodwill" (see complaint, paras. 3, 5, 6). The complaint further maintains that "the Cassini marks may be used only as expressly licensed and authorized by [plaintiff]" (id., para. 6).

Defendant operates a store selling "off price and discount merchandise, including apparel, to the general public" (id., para. 2). In or about April 2007, defendant was offering for sale in its stores shirts bearing the Cassini trademark at prices substantially below market value (id., para. 7). Defendant has never been licensed or authorized to sell Cassini merchandise, and none of plaintiff's licensees are authorized to sell Cassini merchandise to defendant (id., para. 8).

Paragraphs 11, 12 and 13 of the complaint then allege:

> "11. Defendant's **sales of the Cassini goods** has likely caused confusion, mistake or deception to the public, and has likely caused the public to believe that defendant's products are or were plaintiff's design or are authorized, sponsored or approved by plaintiff, or are otherwise affiliated or connected with plaintiff and the Cassini designer label.
>
> "12. Defendant's activities are therefore likely to result in (or have already resulted in) the substitution and passing off of their merchandise to purchasers seeking to purchase Cassini designer merchandise, or cause purchasers to believe that they have purchased Cassini designer merchandise, when such is clearly not the case.
>
> "13. Defendant's activities have caused irreparable harm to plaintiff and to the substantial goodwill embodied in the Cassini marks.  Plaintiff's ownership of the mark has been infringed in this country and perhaps throughout the world as a result of the **unauthorized use of the name 'Cassini' in connection with the merchandising and sale of Cassini goods** resulting in the dilution of the Cassini marks." (Emphasis supplied)

After a brief recitation of facts, plaintiff then conclusorily alleges six "Counts" in its complaint.  The first Count claims trademark infringement under 15 U.S.C. section 1114(1).  The second alleges unfair competition pursuant to 15 U.S.C. section 1125[a][1].  The third contends that defendant has improperly diluted the value of plaintiff's trademark in violation of 15 U.S.C. section 1125[c].  The fourth asserts trademark infringement under New York General Business Law section 360-k.  The fifth seeks redress for unfair competition under New York common law.  Finally, the sixth claims dilution of plaintiff's trademark under New York General Business Law section

3

360-l.[1]

 Clearly, the gravamen of the complaint is that defendant was selling plaintiff's shirts bearing plaintiff's trademark without any authorization. The complaint does <u>not</u> appear to be alleging that defendant is selling anything other than genuine Oleg Cassini goods bearing genuine Oleg Cassini trademarks. However, since the complaint's allegations are somewhat vague in that regard, and plaintiff's attorneys had already disclosed that they (or perhaps plaintiff itself) was in possession of one of the shirts in question, defendant sought clarification as to whether plaintiff was intending to allege that the shirts were not genuine, and if so, offering plaintiff the opportunity to amend its complaint (see accompanying declaration of Neil A. Miller, Esq., exhibits A and B). However, plaintiff's attorneys chose <u>not</u> to do so, instead cryptically stating "the goods are counterfeit <u>or</u> not intended for sale in this geographic market" (<u>id.</u>, exhibit C, emphasis supplied).

 Having refused to take the opportunity to amend its complaint as of right to specifically allege either that the goods offered for sale by defendant were not in fact genuine Cassini goods or bore something other than a genuine Cassini

---

[1]To the extent the Court decides to dismiss all of the complaint's federal claims, but not all of the state law claims, the Court should exercise its discretion under 28 U.S.C. section 1367[c][3] to dismiss the entire complaint.

trademark, the Court should construe the complaint as alleging only that defendant had no license or authorization to sell Cassini goods.

POINT I

THE COMPLAINT FAILS TO STATE A CLAIM FOR
TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION

Section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1), the basis for plaintiff's First Count, provides in relevant part:

> "Any person who shall, without the consent of the registrant –
>
> "     (a) use in commerce any **reproduction, counterfeit, copy, or colorable imitation of a registered mark** in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> "     (b) **reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements** intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> "shall be liable in a civil action by the registrant for the remedies hereafter provided. . . ."
> (emphasis supplied)[2]

Section 43(a)(1) of the Lanham Act, 15 U.S.C. section 1125(a)(1), the basis for plaintiff's Second Count, provides in

---

[2] New York's trademark infringement statute, General Business Law section 360-k, the basis for the Fourth Count of the complaint, contains virtually identical language.

relevant part:

> "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
>     (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,
>
> * * * *
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

The Second Circuit, in Polymer Technology Corp. v. Mimran, 37 F.3d 74, 78 (2nd Cir. 1994), has flatly declared in the context of a trademark infringement action brought pursuant to Lanham Act section 32(1), that "an action will not arise when the goods being sold are genuine goods bearing a true mark" (emphasis supplied, citing its own earlier decision in the same case, 975 F.2d 58, 61). See also Philip Morris USA Inc. v. Veles Ltd., 2007 WL 725412, at p. 8 (S.D.N.Y. 2007) ("the Lanham Act does not block reimportation and sale of genuine articles under their real trademarks", quoting R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper!, 462 F.3d 690, 700 [7th Cir. 2006]); Helene Curtis v. National Wholesale Liquidators, Inc., 890 F.Supp. 152, 157 (E.D.N.Y. 1995). The same is true with respect to claims brought

6

pursuant to Lanham Act section 43(a).  H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc., 879 F.2d 1005, 1023 (2nd Cir. 1989); Krasnyi Oktyabr, Inc. v. Trilini Imports, 2007 WL 1017620, at pp. 6-8 (E.D.N.Y. 2007).[3]

As discussed above, the complaint does not appear to allege that the goods offered for sale by defendant were not in fact genuine Cassini goods or bore something other than a genuine Cassini trademark.  Thus the Lanham Act and concomitant unfair competition claims are fatally deficient.

Defendant recognizes that there are cases where goods may not be deemed genuine: (1) because of quality control standards; or (2) because, in the case of goods manufactured by a plaintiff for overseas markets but imported into the United States and sold by defendant, there are material differences between the plaintiff's products manufactured for the United States market and those manufactured for the overseas market.  E.g., Polymer, supra, 37 F.3d at 78; Helene Curtis, supra, 890 F. Supp. at 157-58; Krasnyi Oktyabr, Inc., supra, at p. 6.  However, the complaint is utterly devoid of any allegations regarding either quality control standards or any material differences between plaintiff's goods as sold by its licensees and plaintiff's goods

---

[3] Unfair competitions under New York state law are analyzed in a similar fashion to claims under the Lanham Act (Louis Vuitton Malletier, v. Dooney & Burke, Inc., 454 F.3d 108, 119 [2nd Cir. 2006]).

as sold by defendant.  Thus it cannot survive a motion to dismiss.  See Krasnyi Oktyabr, Inc., supra, at pp. 6-7 and fn. 3 (complaint alleged facts to state a claim under the quality control standard, but did not allege sufficient facts to support an inference that there were material differences between its products and defendants' products).

Accordingly, the First, Second, Fourth and Fifth Counts of the complaint must be dismissed for failure to state a claim upon which relief may be granted.

POINT II

THE COMPLAINT FAILS TO STATE A CLAIM FOR DILUTION

The Third Count of the complaint claims improper dilution of plaintiff's allegedly famous trademark in violation of 15 U.S.C. section 1125[c].  However, that statute protects against "dilution by blurring or dilution by tarnishment" (id., subsection [1]).  "Dilution by blurring" is defined in the statute as "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark (id., subsection [2][B], emphasis supplied).  "Dilution by tarnishment" is defined as "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark" (id., subsection [2][C], emphasis supplied).

The complaint herein utterly fails to plead either dilution

by blurring or dilution by tarnishment, and is dismissible on that ground alone.  Moreover, the complaint fails to plead any facts from which the Court could infer a cognizable claim of dilution by blurring or dilution by tarnishment.  Both forms of dilution clearly contemplate that there will two different marks at issue in a litigation - the plaintiff's "famous" mark and the defendant's mark.  Here, the complaint does not allege that defendant is utilizing a similar mark to plaintiff.  Rather, as discussed above, defendant is utilizing plaintiff's actual mark on genuine goods of plaintiff.  Thus 15 U.S.C.A. section 1125[c] has no application whatsoever to the case at bar.

New York's anti-dilution statute, General Business Law section 360-l, is analyzed in the same manner as 15 U.S.C.A. section 1125[c].  A cause of action under General Business Law section 360-l must establish plaintiff's ownership of a distinctive mark and a likelihood of dilution, either as a result of blurring or tarnishment.  See Hormel Foods Corp. v. Jim Henson Productions, Inc., 73 F.3d 497, 506 (2nd Cir. 1996) (analyzing New York's identically worded predecessor statute, former General Business Law section 368-d); Katz v. Modiri, 283 F.Supp.2d 883, 900 (S.D.N.Y. 2003).  Thus the same pleading defects which warrant dismissal of plaintiff's federal dilution claim also warrant dismissal of plaintiff's state law dilution claim as well.

## Conclusion

For all of the reasons stated herein and in the accompanying declaration of Neil A. Miller, Esq., defendant's motion to dismiss the complaint, and each and every count contained therein, should be granted.

Dated:  Mineola, New York
        September 7, 2007

                                Respectfully Submitted,

                                MILLER, ROSADO & ALGIOS, LLP

                                By: s/_____
                                    Neil A. Miller (NM-9078)
                                Louis Algios, Esq.
                                Attorneys for Defendant
                                200 Old Country Road
                                Suite 590
                                Mineola, New York 11501
                                (516) 512-0200