UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
OLEG CASSINI, INC.,                  :
                                     :    Case No. 07 CV6301 (BSJ) (HP)
            Plaintiff,               :
                                     :
      v.                             :
                                     :
WEBER'S 32ND ST. CORP.,              :
                                     :
            Defendant.               :
------------------------------------------------------X

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**
_____


J. Vincent Reppert (JR-1984)
REPPERT KELLY, LLC
403 King George Road, Suite 201
Basking Ridge, New Jersey 07920
(908) 647-930

Attorneys for Plaintiff
Oleg Cassini, Inc.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………….  1

STATEMENT OF FACTS ……………………………………………………...  2

ARGUMENT
      POINT I …………………………………………………………………  3

        POINT II……………………………………………………………….  4

        POINT III…………………………………………………………...  7

          CONCLUSION…………………………………………………………..  7

**TABLE OF AUTHORITIES**

*Am. Honda Motor Co., v. Pro-Line Protoform*     6
325 F. Supp. 2d 1081, 1085 (C..D. Ca. 2004)

*Bernheim v. Litt*     3
79 F.3d 318, 321 (2d Cir. 1996)

*In re Independent Energy Holdings PLC*     4
154 F. Supp. 2d 741, 747 (S.D.N.Y. 2001)

*Iqbal v. Hasty, et, al.*     4
490 F.3d 143, 158 (2nd Cir. 2007)

*Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*     3
32 F.3d 697, 699-700 (2d Cir. 1994)

*Kopec v. Coughlin*     4
922 F.2d 152, 154 (2d Cir. 1991)

*Louis Vuitton Malletier v. Dooney & Burke, Inc.*     4
454 F.3d 108, 119 (2nd Cir. 2006)

*Mead Data Services, Inc. v. Toyota Motor Sales, U.S.A., Inc.*     6
875 F.2d 1026, 1029 (2nd Cir. 1989)

*Moseley v. Secret Catalogue, Inc.*     6
537 U.S. 418 (2003)

*Ronzani v. Sanofi S.A.*     7
899 F.2d 195, 198 (2d Cir. 1990)

*Savin Corp. v. Savin Group*     6
391 F.3d 439, 448-49 (2nd Cir. 2004)

*Sports Auth. v. Prime Hospitality Corp.*     4
89 F.3d 955, 960 (2d Cir. 1996); 15 U.S.C. § 1114(1)(a)

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*     4
220 F. Supp. 2d 289, 297-98 (S.D.N.Y. 2002)

**PRELIMINARY STATEMENT**

Defendant, Weber's 32nd St. Corp.'s ("Weber's" or "Defendant") motion to dismiss Plaintiff, Oleg Cassini, Inc.'s ("OCI") complaint is defective and should be denied because each of the complaint's six counts sets forth valid claims for relief. Weber's argument to dismiss the trademark infringement and unfair competition claims is premised <u>entirely</u> upon its belief that the complaint does not "appear" to allege that the merchandise at issue is "anything other than genuine." This contention, however, is rebutted by the plain language of the complaint in which OCI: (i) seeks to enjoin Weber's from "selling ***counterfeit*** 'Cassini' merchandise"; (ii) demands injunctive relief and damages based upon the "***passing off*** of [Weber's] merchandise to purchasers seeking to purchase Cassini designer merchandise … when such is clearly not the case"; and (iii) claims that Defendant's unauthorized sale of merchandise bearing "Cassini" or "Oleg Cassini" labels has "likely caused the public to believe that [Weber's] products are or were [OCI's] design or are authorized, sponsored or approved by [OCI], or are otherwise affiliated or connected with" OCI. (Complaint ¶ ¶ 3, 11, 12) (emphasis added). In light of these allegations, which must be accepted as true on a motion to dismiss, Defendant's interpretation of the complaint is inconsistent with reality and its request to dismiss the trademark infringement and unfair competition claims must be rejected.

Weber's only argument to support the dismissal of OCI's dilution claims is based upon an inaccurate statement of law. Defendant baldly asserts that a dilution claim cannot exist unless there are "two different marks at issue in a litigation." This statement is refuted by controlling case law, *see Savin Corp. v. Savin Group*, 391 F.3d 439, 448-49 (2nd Cir. 2004), and cannot possibly form the basis for the dismissal of OCI's federal and New York State dilution claims.

Each of the claims in the complaint is properly pled under the controlling case law and the Federal Rules of Civil Procedure. Weber's motion to dismiss the complaint should be rejected in its entirety.

## STATEMENT OF FACTS

OCI is the owner of federal trademark registrations for "Oleg Cassini" and "Cassini" (collectively referred to herein as the "Cassini marks") that are used in connection with the sale of a variety of products, including men's and women's apparel. (Complaint ¶¶ 3, 6). The Cassini marks have been registered for decades with the United States Patent and Trademark Office. (Complaint ¶ 4). The Cassini marks have also been registered throughout the world and are now incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1391. (Complaint ¶ 3). The Cassini marks can only be used as expressly licensed or authorized by OCI pursuant to written license agreements. (Complaint ¶ 6).

Weber's operates a store in New York City that sells clothing at deeply discounted prices. (Complaint ¶ 2). In or around April 2007, OCI discovered that Weber's was selling men's shirts bearing the Cassini marks at its store located at 116 West 32nd Street in Manhattan. (Complaint ¶ 7). Weber's was selling this merchandise at prices that are substantially below their market value.[1] (Complaint ¶ 7). Weber's is not, nor has it ever been, an authorized Cassini licensee and does not otherwise have authorization to sell Cassini merchandise. (Complaint ¶ 8). Furthermore, none of OCI's licensees is permitted to sell merchandise to Weber's. (Complaint ¶ 8).

---

[1] Weber's was selling "Cassini" dress shirts for $5.00 per unit.

In July 2007, OCI filed a six-count complaint[2] against Weber's. OCI seeks a permanent injunction prohibiting Weber's "from selling counterfeit 'Cassini' merchandise." (Complaint ¶ 3). OCI also seeks damages because Weber's sale of the merchandise at issue "has likely caused confusion, mistake or deception to the public, and has likely caused the public to believe that [Weber's] products are or were [OCI's] design or are authorized, sponsored or approved by [OCI], or are otherwise affiliated or connected with" OCI. (Complaint ¶ 11). The complaint further alleges that Weber's actions are likely to, or already have, resulted in "the substitution and passing off of their merchandise to purchasers seeking to purchase Cassini designer merchandise, or cause purchasers to believe that they have purchased Cassini designer merchandise, when such is clearly not the case." (Complaint ¶ 12). The complaint further alleges that Weber's conduct has caused OCI irreparable harm and has diluted the value of the Cassini marks. (Complaint ¶ ¶ 13, 15). On or about September 7, 2007, Weber's filed its motion to dismiss the complaint.

## POINT I

## THE STANDARD FOR A MOTION TO DISMISS

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept "as true the facts alleged in the complaint," *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699-700 (2d Cir. 1994). The question for the Court "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996) (internal quotation marks and citations omitted). The Court must draw all reasonable inferences in the plaintiff's favor, which often

---

[2] The complaint contains two counts for trademark infringement (one under the Lanham Act and one under New York State common law); two counts for unfair competition (one under the Lanham Act and one under New York State common law); and two counts for dilution (one under the Federal Trademark Dilution Act and one pursuant to New York State statutory law).

makes it "difficult to resolve [the claims] as a matter of law." *In re Independent Energy Holdings PLC*, 154 F. Supp. 2d 741, 747 (S.D.N.Y. 2001). The complaint is properly pled where the factual allegations are sufficient to render the claim "plausible." *Iqbal v. Hasty, et, al.*, 490 F.3d 143, 158 (2nd Cir. 2007). A court must limit its analysis on a motion to dismiss to the four corners of the complaint. *Kopec v. Coughlin*, 922 F.2d 152, 154 (2d Cir. 1991).

## POINT II

### A.   The Complaint States Valid Claims For Trademark Infringement And Unfair Competition

The complaint sets forth claims for trademark infringement and unfair competition under the Lanham Act and New York State common law. To plead trademark infringement under the Lanham Act, OCI must allege that it is the owner of a valid mark that is entitled to protection and that Weber's actions are likely to cause consumer confusion. *Sports Auth. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996); 15 U.S.C. § 1114(1)(a). The standards for trademark infringement under New York common law are essentially identical to claims under the Lanham Act. *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 220 F. Supp. 2d 289, 297-98 (S.D.N.Y. 2002). To plead unfair competition based on a false designation of origin under the Lanham Act, OCI must allege that Weber's use of a word or symbol "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection . . . association . . . origin, sponsorship, or approval" of OCI's products. 15 U.S.C. § 1125(a)(1)(A). Under New York common law, an unfair competition claim is analyzed similarly to unfair competition claims under the Lanham Act. *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 119 (2nd Cir. 2006).

4

A review of the complaint reveals that OCI has clearly met these pleading standards. OCI has alleged that it owns valid marks that are subject to protection and that Weber's sale of counterfeit "Cassini" merchandise is likely to cause consumer confusion. Furthermore, the complaint alleges that Weber's sale of merchandise bearing the names "Oleg Cassini" and "Cassini" "has likely caused confusion, mistake or deception to the public, and has likely caused the public to believe that [Weber's] products are or were [OCI's] design or are authorized, sponsored or approved by [OCI], or are otherwise affiliated or connected with" OCI, when in fact they are not. (Complaint ¶ 11). Under the controlling case law, these allegations are more than sufficient to state claims for trademark infringement and unfair competition both under federal and New York State law.

Weber's sole argument to support the dismissal of these claims – that the complaint does not "appear" to allege that the goods offered are not genuine – is directly contradicted by the allegations in the complaint. OCI brought the action to prohibit Weber's "from selling counterfeit 'Cassini' merchandise" to prevent "confusion, mistake or deception to the public" and to stop Weber's from the "substitution and passing off" its merchandise to "purchasers seeking to purchase Cassini designer merchandise." (Complaint ¶ ¶ 3, 11, 13, 15). These allegations defeat the very basis for Defendant's contention that these claims are inadequately pled, and are clearly sufficient under the Federal Rules of Civil Procedure to set forth valid claims for relief.[3]

---

[3] Defendant's motion papers criticize the complaint because it is silent about "quality control standards" and whether the merchandise at issue was manufactured abroad and imported to the United States. These arguments, along with many of the cases that Defendant cites, however, appear to relate to an alleged *defense* to claims for infringement and unfair competition. Whether or not Defendant has such a defense is an issue for another day and has absolutely no bearing on whether the claims in the complaint are viable and adequately pled.

5

**B.     The Complaint States Valid Claims For Trademark Dilution**

The complaint sets forth two claims for dilution. To adequately plead a claim for dilution under the Federal Trademark Dilution Act, OCI must allege: (1) its mark is famous; (2) Weber's is making commercial use of the mark in commerce; (3) Weber's use began after the mark became famous; and (4) Weber's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. *Savin Corp. v. Savin Group*, 391 F.3d 439, 448-49 (2nd Cir. 2004), *cert. denied*, 546 U.S. 822 (2005); 14 U.S.C. § 1125(c). Claims for trademark dilution under New York State law, General Business Law Section 360-1, are analyzed in a similar fashion to claims under the Lanham Act. *Louis Vuitton Malletier*, 454 F.3d at 119 (2nd Cir. 2006). A review of the complaint reveals that each of these pleading requirements has been satisfied. OCI owns famous marks that are being used by Weber's in connection with the sale of counterfeit merchandise. This conduct has tarnished the quality of the Cassini marks, which the public associates with high quality, genuine Cassini merchandise.

Defendant's unsupported contention that dilution cannot exist unless there are "two different marks at issue in a litigation" is an inaccurate statement of law. The intention of the anti-dilution statute is to prohibit the unauthorized use of another's trademark in order to market incompatible products or services. *Mead Data Services, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 875 F.2d 1026, 1029 (2nd Cir. 1989). Thus, where a plaintiff who owns the rights to a famous mark can show the commercial use of an identical mark, this constitutes evidence of dilution under 15 U.S.C. 1125(c). *Savin Corp.*, 391 F.3d at 448-49; *See*, also *Am. Honda Motor Co., v. Pro-Line Protoform*, 325 F. Supp. 2d 1081, 1085 (C..D. Ca. 2004 (citing *Moseley v. Secret Catalogue, Inc.*, 537 U.S. 418 (2003)   ("When identical marks are used on similar goods,

dilution . . . obviously occurs."). OCI's complaint alleges exactly that – *ie*: use by Weber's of OCI famous marks in connection with the sale of counterfeit "Cassini" items. As a result, OCI's claims for dilution are viable and are properly pled.

### POINT III

### IF THE COURT IS INCLINED TO GRANT THE MOTION, OCI SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT

When a motion to dismiss a complaint is granted, the usual practice is to grant leave to amend the complaint. *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990). This is especially true here where Defendant has requested that OCI amend the complaint and has never contended that an amendment would be futile. Accordingly, if the Court is inclined to grant Defendant's motion, OCI should be granted leave to amend the complaint.

### CONCLUSION

For the reasons set forth above, OCI respectfully requests that the Court deny Weber's motion to dismiss in its entirety. In the alternative, if the Court is inclined to grant the motion, OCI requests leave to amend.

Dated: October 22, 2007                 Respectfully submitted,

                                             REPPERT KELLY, LLC


                                             By: s/ J. Vincent Reppert
                                                 J. Vincent Reppert (JR-1984)
                                             403 King George Road, Suite 201
                                             Basking Ridge, New Jersey 07920
                                             (908) 647-9300

                                             Attorneys for Plaintiff,
                                             Oleg Cassini, Inc.