```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
OLEG CASSINI, INC.,

            Plaintiff,           Case No. 07 CV 6301 (BSJ)(HP)

       v.

WEBER'S 32$^{ND}$ ST. CORP.,

            Defendants.
-----------------------------X
```

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

```
                                 MILLER, ROSADO & ALGIOS, LLP
                                 Neil A. Miller
                                 Louis Algios, Esq.
                                 Attorneys for Defendant
                                 200 Old Country Road
                                 Suite 590
                                 Mineola, New York 11501
                                 (516) 512-0200
```

**Table of Contents**

POINT I

    THE COMPLAINT FAILS TO STATE A CLAIM FOR
    TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION .......... 1

POINT II

    THE COMPLAINT FAILS TO STATE A CLAIM FOR DILUTION ..... 4

POINT III

    PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND ............ 5

Conclusion ............................................. 7

**Table of Authorities**

<u>Cases</u>

<u>Cuoco</u> v. <u>Moritsugu</u>,
    222 F.3d 99, 112 (2nd Cir. 2000) ..............   5

<u>Krasnyi Oktyabr, Inc.</u> v. <u>Trilini Imports</u>,
    2007 WL 1017620 (E.D.N.Y. 2007) ...............   2

<u>Polymer Technology Corp.</u> v. <u>Mimran</u>,
    37 F.3d 74 (2nd Cir. 1994) .....................   1, 3

<u>Port Dock & Stone Corp.</u> v. <u>Oldcastle Northeast, Inc.</u>,
    2007 WL 3071637, at p. 8 (2nd Cir. 2007) ........   5

<u>Statutes</u>

15 U.S.C. section 1125[c][1] ........................   4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
OLEG CASSINI, INC.,

                Plaintiff,         Case No. 07 CV 6301 (BSJ)(HP)

        v.

WEBER'S 32ND ST. CORP.,

                Defendants.
-----------------------------X
```

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

POINT I

THE COMPLAINT FAILS TO STATE A CLAIM FOR
TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION

Plaintiff does not dispute that there can be no claim for trademark infringement or unfair competition where "the goods being sold are genuine goods bearing a true mark (see Polymer Technology Corp. v. Mimran, 37 F.3d 74, 78 [2nd Cir. 1994], and other authorities cited on pp. 6-7 of defendant's moving memorandum of law).[1]  The parties differ, however, as to whether the complaint has sufficiently alleged that defendant has done anything other than to sell genuine Oleg Cassini good bearing true Oleg Cassini marks at discount prices.

As discussed in our principal memorandum, the complaint appears to be carefully crafted so as to be vague and ambiguous

---

[1] The parties are in agreement that the state law trademark and unfair competition claims are analyzed in a similar fashion to claims under the Lanham Act (see plaintiff's Memorandum, p. 4).

1

in that regard, <u>despite the fact that plaintiff or its attorneys are in possession of at least one of the shirts defendant offered for sale</u>. Our principal memorandum (p. 3) quoted, *inter alia*, paragraphs 11 and 13 of the complaint wherein plaintiff referred to defendant's sales of "**Cassini goods**" (emphasis supplied). Likewise, paragraph 9 of the complaint alleges that plaintiff attempted to stop defendant "from improperly marketing and/or selling **Cassini products**", and that plaintiff's attorneys notified defendant that its "sale of **Cassini goods** was improper" and demanded that "it cease and desist from continuing to sell **Cassini merchandise**" (emphasis supplied).

These allegations demonstrate that plaintiff's concern was to stop defendant from selling genuine Oleg Cassini goods at defendant's discount prices, and <u>not</u> that defendant was selling phony goods with phony trademarks. Plaintiff was under a duty to plead in the complaint sufficient facts to support an inference that the goods sold by defendant were not genuine Oleg Cassini goods bearing genuine Oleg Cassini trademarks. See <u>Krasnyi Oktyabr, Inc.</u> v. <u>Trilini Imports</u>, 2007 WL 1017620, at pp. 6-7 and fn. 3 (E.D.N.Y. 2007)

Plaintiff's selective quotations from the complaint cannot hide its failure to allege the requisite facts to avoid the rule of law enunciated in <u>Polymer</u>, <u>supra</u>. For instance, the complaint avers in an introductory paragraph that "plaintiff seeks a

2

permanent injunction prohibiting defendant from selling counterfeit 'Cassini' merchandise" (para. 3). However, the complaint does <u>not</u> allege in what manner the goods sold by defendant were counterfeit. In the allegations describing defendant's conduct (paras. 7-8), the complaint alleges only that defendant "offered and sold such Cassini merchandise at prices substantially below market value" and that "defendant has not now or ever been licensed or authorized to sell merchandise or trade under the name 'Cassini'."[2]

The only fair conclusion to be drawn from the allegations of the complaint is that plaintiff believes the goods sold by defendant to be "counterfeit" because defendant has not been licensed or authorized to sell them or receive them from those who are licensed or authorized. Of course, this definition of "counterfeit" is directly contrary to <u>Polymer</u> and the other cases cited by defendant in its principal memorandum.

---

[2] Plaintiff's citations to paras. 11, 13 and 15 of the complaint (plaintiff's memorandum, p. 5) fare no better. Paragraph 11 alleges, among other things, that defendant's sales of Cassini goods have "likely caused the public to believe that defendant's products are or were plaintiff's design," but <u>the complaint never alleges that the goods are **not** plaintiff's design</u>. Paragraph 13 refers only to alleged "unauthorized use of the name 'Cassini' in connection with the merchandising and sale of Cassini goods" and paragraph 15 states only that "defendant's acts have diluted the value of the Cassini marks."

POINT II

THE COMPLAINT FAILS TO STATE A CLAIM FOR DILUTION

Plaintiff's memorandum of law, as did its complaint, simply ignores the express language of the very Federal Statute pursuant to which its dilution claim was brought. 15 U.S.C. section 1125[c][1] specifically protects against use of a mark or trade name "that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark". Yet the complaint <u>never</u> even alleges whether defendant caused dilution by blurring or dilution by tarnishment. Instead, the complaint conclusorily states that "defendant's acts have diluted the value of the Cassini marks" (para. 15), with similar conclusory allegations contained in the Third and Sixth Counts purporting to assert dilution claims under Federal and New York State law (paras. 21, 27).[3]

Aside from the failure to even mention blurring or tarnishment, the complaint utterly fails to plead any facts from which dilution by blurring or dilution by tarnishment can be inferred. Plaintiff does <u>not</u> cite any case where a defendant's sale at discount prices of genuine goods of plaintiff bearing plaintiff's genuine trademark was held to constitute either dilution by blurring or dilution by tarnishment. The cases cited by plaintiff all fit the traditional dilution case where the

---

[3]Again, the parties are in agreement that the dilution claims under Federal and New York State law are analyzed in a similar fashion (plaintiff's Memorandum, p. 6).

4

defendant is selling its own products under its own mark or operating under its own trade name similar to the famous mark of plaintiff's products or plaintiff's famous trade name.

## POINT III

### PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND

Plaintiff requests leave to amend the complaint in the event that defendants' motion to dismiss is granted. However, plaintiff does <u>not</u> state in what manner it would amend the complaint so as to cure the current complaint's deficiencies. This is fatal to its application. See <u>Port Dock & Stone Corp.</u> v. <u>Oldcastle Northeast, Inc.</u>, 2007 WL 3071637, at p. 8 (2nd Cir. 2007); <u>Cuoco</u> v. <u>Moritsuqu</u>, 222 F.3d 99, 112 (2nd Cir. 2000).

Plaintiff misstates defendant's pre-motion suggestion concerning amendment of the complaint. Defendant stated (Miller Declaration, exhibit B):

> "If it was your intention to allege that the shirts sold by my client were not in fact genuine Oleg Cassini goods, or that they [*sic*] the shirts did not bear a true and correct Oleg Cassini mark, I suggest you amend you complaint as of right to make that allegation immediately **if you and your client have a good faith basis for making such allegations**." (emphasis supplied)

The very fact that, when the complaint's defects were brought to its attention, plaintiff did <u>not</u> amend the complaint as of right to make the necessary allegations prior to a motion to dismiss, demonstrates that plaintiff knew it had <u>no</u> good faith basis to allege either that the goods sold by defendant were not

genuine Oleg Cassini goods or that such goods did not bear a true and correct Oleg Cassini mark. Even now, plaintiff fails to state that it would make such an allegation and submits no evidence on this motion that would even tend to demonstrate that such an allegation could be made.

At the very least, if the Court is inclined to give plaintiff leave to replead, it should condition such relief upon plaintiff's reimbursement of defendant's legal fees and expenses in making this motion, since defendant had attempted to avoid unnecessary motion practice by explaining the defects of the complaint to plaintiff beforehand (Miller Declaration, exhibits B and D).

## Conclusion

For all of the reasons stated herein, in defendant's moving Memorandum of Law and in the Declaration of Neil A. Miller, Esq. executed on September 7, 2007, defendant's motion to dismiss the complaint, and each and every count contained therein, should be granted, and plaintiff should be denied leave to amend the complaint.

Dated:   Mineola, New York
         November 2, 2007

                                        Respectfully Submitted,

                                        MILLER, ROSADO & ALGIOS, LLP

                                        By: s/_____
                                             Neil A. Miller (NM-9078)
                                        Louis Algios, Esq.
                                        Attorneys for Defendant
                                        200 Old Country Road
                                        Suite 590
                                        Mineola, New York 11501
                                        (516) 512-0200