UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
OLEG CASSINI, INC.,                        :
                                           :
                    Plaintiff,             :
                                           :
                                           :       07-CV-6301(BSJ)(HBP)
                                           :
             v.                            :            **Order**
                                           :
WEBER'S 32nd ST. CORP.,                  :
                                           :
                    Defendant.             :
------------------------------------x

> ```
> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 7/16/08
> ```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Oleg Cassini, Inc. ("Plaintiff" or "OCI") brings this action against Defendant Weber's 32nd St. Corp. ("Defendant" or "Weber's") asserting claims of trademark infringement, unfair competition, and dilution under federal and New York state law.[1] Plaintiff seeks a permanent injunction prohibiting Weber's from further sale of its merchandise. Id. ¶ 3.  Plaintiff also seeks damages, including treble damages for willful infringement, lost profits and payment of its reasonable attorney's fees. Id. Defendant now moves to dismiss Plaintiff's complaint under

---

[1] OCI's complaint sets forth six claims against Weber's.  First, Plaintiff asserts that Defendant's unauthorized sales constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Id. ¶ 17.  Second, Plaintiff asserts that Defendant's unauthorized sales constitutes unfair competition and the use of false designations, descriptions and representations in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). Id. ¶ 19.  Third, Plaintiff asserts that Defendant's unauthorized sales has diluted the value of OCI's trademark in violation of Section 3(c) of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c). Id. ¶ 21.  Plaintiff also seeks redress for trademark infringement and trademark dilution under New York General Business Law and for unfair competition under New York common law.



Federal Rule of Civil Procedure 12(b)(6), citing Plaintiff's

failure to state a claim upon which relief can be granted.  For

the reasons set forth below, Defendant's motion to dismiss is

GRANTED with leave to replead within THIRTY (30) days.

### BACKGROUND[2]

OCI is the owner of federal trademark registrations for

"Oleg Cassini" and "Cassini" (collectively referred to herein as

the "Cassini marks") that are used in connection with the sale

of a variety of products, including men's and women's apparel.

Plaintiff's Complaint ("Compl.") ¶¶ 3, 6.  The complaint alleges

that the Cassini marks have been registered for decades with the

United States Patent and Trademark Office as well as throughout

the world and are now incontestable pursuant to Section 15 of

the Lanham Act, 15 U.S.C. § 1065. Id. ¶ 5.  The complaint further

maintains that "the Cassini marks can only be used as expressly

licensed or authorized by OCI." Id. ¶ 6.

Weber's operates stores selling off-price and discount

merchandise, including apparel, to the general public. Id. ¶ 2.

In its complaint, OCI alleges that in or about April of 2007,

Weber's offered and sold shirts bearing the Cassini trademark at

prices substantially below market value. Id. ¶ 7.  Weber's has

never been licensed or authorized to sell merchandise under the

_____

[2] This summary is drawn from OCI's complaint and the factual allegations
contained therein are accepted as true for the purpose of deciding this
motion.

name Cassini. Id. ¶ 8. Additionally, none of OCI's licensees are authorized to sell Cassini merchandise to Weber's. Id. Once OCI learned that Weber's was allegedly selling this Cassini merchandise, its attorney immediately notified Defendant in writing that "Weber's unauthorized sale of Cassini goods was improper and constituted an infringement of the Cassini mark and demanded that [Weber's] cease and desist from continuing to sell Cassini merchandise." Id. ¶ 9. As of early June 2007, Weber's advised Plaintiff that it is no longer selling Oleg Cassini shirts. Id. OCI alleges that "[d]espite repeated requests and demands by plaintiff, defendant has refused to provide OCI with information regarding its acquisition, marketing and sale of Cassini goods even after having been placed on notice that such acquisition, marketing and sale was improper and unlawful." Compl. ¶ 10.

Weber's now moves to dismiss the complaint on the grounds that OCI has alleged only that Weber's sold genuine Cassini merchandise without authorization. Weber's argues there can be no claim for trademark infringement or unfair competition under the Lanham Act or for dilution under the Federal Trademark Dilution Act where the goods at issue are genuine goods bearing a true mark.

**DISCUSSION**

I.   Motion To Dismiss

Under Rule 12(b)(6) a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  The Court must read the complaint generously, accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. See York v. Ass'n of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.2002); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir.1993).  A court should dismiss a complaint only "if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Jenkins v. McKeithen, 395 U.S. 411, 422 (1969) (citation omitted).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  Atsi Communications, Inc. v. Shaar Fund Ltd., 493 F.3d 87 (2d Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).

II.  Analysis

The parties do not dispute that under controlling case law there can be no claim for trademark infringement or unfair

4

competition where "the goods being sold are genuine goods
bearing a true mark." See, e.g., Polymer Technology Corp. v.
Mimran, 37 F.3d 74, 78 (2d Cir. 1994).[3] Additionally, OCI does
not dispute Weber's contention that under such circumstances
there can also be no claim for dilution under the Federal
Trademark Dilution Act.[4] The parties disagree, however, as to
whether the complaint has sufficiently alleged that Weber's has
done anything other than offer for sale genuine Cassini goods
bearing true Cassini marks at discount prices.

Upon review, the Court finds that the allegations set forth
in the complaint are sufficient to support an inference that

---

[3] New York's trademark infringement statute, General Business Law section 360-k, the basis for the Fourth Count of the complaint, contains virtually identical language as Section 32(1) of the Lanham Act, the basis for the First Count of the complaint. Additionally, New York state law analyzes unfair competition in a similar fashion to claims under the Lanham Act. Louis Vuitton Malletier v. Dooney & Burke, Inc., 454 F.3d 108, 119 (2d Cir. 2006).
[4] The Federal Trademark Dilution Act ("FTDA") "permits the owner of a qualified, famous mark to enjoin junior uses throughout commerce, regardless of the absence of competition or confusion." TCPIP Holding Co. v. Haar Communications Inc., 244 F.3d 88, 95 (2d Cir.2001). Specifically, the FTDA provides that "[t]he owner of a famous mark shall be entitled ... to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark." 15 U.S.C. § 1125(c)(1). The statute protects against "dilution by blurring or dilution by tarnishment" Id. "Dilution by blurring" is defined in the statute as "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark. Id, subsection [2][B]. "Dilution by tarnishment" is defined as "association arising form the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." Id., subsection [2][C]. As the statutory text and case law makes clear, both forms of dilution clearly contemplate that there will be two different marks at issue in a litigation—the plaintiff's "famous" mark and the defendant's junior mark. See, e.g., Savin Corp. v. Savin Group, 391 F.3d 439, 448-49 (2d Cir. 2004). New York's anti-dilution statute, General Business Law section 360-l, is analyzed in the same manner as claims arising under the Federal Trademark Dilution Act. See Hormel Foods Corp. v. Jim Henson Productions, Inc., 73 F.3d 497, 506 (2d Cir. 1996).

Weber's was selling counterfeit Cassini merchandise. To be sure, the complaint could have been pled with a great deal more clarity.[5] However, it is sufficiently pled to withstand this motion to dismiss, particularly under the lenient pleading standards set forth in the Federal Rules of Civil Procedure.[6] See Fed.R.Civ.P. 8(a). Moreover, any lingering uncertainty is dispelled by OCI's brief which explains that the complaint asserts claims arising out Weber's dealing in counterfeit Cassini merchandise. See Pegram v. Herdrich , 530 U.S. 211, 230 (2000)(where the Court relied on the plaintiff's brief to clarify allegations in the pleading). Thus, the Court reads the complaint to allege that Weber's was trafficking in counterfeit Cassini merchandise.

However, the Court notes that, having adopted this position, OCI may not now switch its theory. Thus, the Court will not permit OCI to go forward with any claim other than one arising out of the sale of counterfeit goods without an

[5] Throughout the complaint, OCI refers to the goods sold by Weber's as "Cassini products," "Cassini goods" and "Cassini merchandise." See Compl. ¶¶ 7, 9-11.
[6] In the complaint, OCI explicitly seeks a permanent injunction prohibiting Weber's "from selling counterfeit 'Cassini' merchandise." Compl. ¶ 3. OCI asserts that "[Weber's] sales of the Cassini goods has likely caused confusion, mistake or deception to the public, and has likely caused the public to believe that [Weber's] products are or were [OCI's] design or are authorized, sponsored, or approved by [OCI], or are otherwise affiliated or connected with [OCI] and the Cassini designer label." Id. ¶ 11. OCI further asserts that Weber's unauthorized sale of Cassini merchandise is "likely to result...in the substitution and passing off of their merchandise to purchasers seeking to purchase Cassini designer merchandise, or cause purchasers to believe that they have purchased Cassini designer merchandise, when such is not the case." Id. ¶ 12.

amendment to the complaint.  Accordingly, this Order should suffice to give Weber's fair notice of the nature of claims asserted by OCI in this action and of the factual grounds upon which those claims rest.

### CONCLUSION

For the reasons set forth in this opinion, Weber's motion to dismiss OCI's complaint is DENIED.  The parties are reminded that this case has been referred to Magistrate Judge Pitman for general pre-trial purposes.


**SO ORDERED:**




BARBARA S. JONES
UNITED STATES DISTRICT JUDGE


Dated:    New York, New York
          July/5, 2008


7