UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------X
OLEG CASSINI, INC.,

               Plaintiff,          Case No. 07 CV 6301 (BSJ)(HP)

      v.

WEBER'S 32ND ST. CORP.,

               Defendants.
----------------------------X

<u>ANSWER</u>

Defendant Weber's 32nd St. Corp.., by its attorneys, Miller, Rosado & Algios, LLP, as and for its answer to the complaint of plaintiff Oleg Cassini, Inc., alleges as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "5" and "6" of the complaint.

2.  Denies each and every allegation contained in paragraph "3" of the complaint, except denies knowledge or information sufficient to form a belief as to the federal registration of plaintiff's alleged trademarks.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint, except admits that in or about April 2007, it was offering for sale in its stores shirts bearing the "Cassini" trademark.

4.  Denies knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph "8" of the complaint, except admits that it has not now or ever been directly licensed by plaintiff to sell merchandise or trade under the name "Cassini."

5.   Denies each and every allegation contained in paragraph "9" of the complaint, except denies knowledge or information sufficient to form a belief as to whether plaintiff attempted to stop defendant from selling Cassini products immediately upon plaintiff's learning of such sales, and admits that plaintiff's attorney notified defendant in writing that defendant's sales were allegedly improper and that Weber's advised plaintiff in writing that it was no longer selling Oleg Cassini shirts, and refer to said writings for the terms thereof.

6.   Denies each and every allegation contained in paragraphs "10", "11", "12", "13", "14" and "15" of the complaint.

### ANSWERING THE FIRST COUNT

7.   Repeats and realleges its answer to paragraphs "1" through "15" of the complaint as its answer to paragraph "16" of the complaint.

8.   Denies each and every allegation contained in paragraph "17" of the complaint.

### ANSWERING THE SECOND COUNT

9.   Repeats and realleges its answer to paragraphs "1" through "17" of the complaint as its answer to paragraph "18" of

the complaint.

10.  Denies each and every allegation contained in paragraph "19" of the complaint.

ANSWERING THE THIRD COUNT

11.  Repeats and realleges its answer to paragraphs "1" through "19" of the complaint as its answer to paragraph "20" of the complaint.

12.  Denies each and every allegation contained in paragraph "21" of the complaint.

ANSWERING THE FOURTH COUNT

13.  Repeats and realleges its answer to paragraphs "1" through "21" of the complaint as its answer to paragraph "22" of the complaint.

14.  Denies each and every allegation contained in paragraph "23" of the complaint.

ANSWERING THE FIFTH COUNT

15.  Repeats and realleges its answer to paragraphs "1" through "23" of the complaint as its answer to paragraph "24" of the complaint.

16.  Denies each and every allegation contained in paragraph "25" of the complaint.

ANSWERING THE SIXTH COUNT

17.  Repeats and realleges its answer to paragraphs "1" through "25" of the complaint as its answer to paragraph "26" of

3

the complaint.

18.  Denies each and every allegation contained in paragraph "27" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.  Upon information and belief, defendant has sold only genuine Oleg Cassini goods with genuine Oleg Cassini trademarks.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.  In the event that the Court determines that defendant violated the Lanham Act, any such violation was not willful.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.  Plaintiff is not entitled to damages pursuant to its claims for dilution under 15 U.S.C. section 1125[c] and New York General Business Law section 360-l.

### AS AND FOR A FIRST COUNTERCLAIM

22.  Under 15 U.S.C. section 1117[a], this is an "exceptional" case that warrants an award of reasonable attorney's fees in defendant's favor upon defendant's prevailing in this action.

WHEREFORE, defendant demands judgment:

a. dismissing the complaint in its entirety;

b. awarding defendant reasonable attorney's fees; and

    c. granting such other and further relief as to the Court

seems just and proper.

Dated: Mineola, New York
       July 25, 2008

                                            s/_____
                                            Neil A. Miller, Esq. (NM-9078)
                                            Louis Algios, Esq.
                                            MILLER, ROSADO & ALGIOS, LLP
                                            Attorneys for Defendant
                                            200 Old Country Road
                                            Suite 590
                                            Mineola, New York 11501
                                            (516) 512-0200

TO:

J. Vincent Reppert, Esq.
REPPERT KELLY, LLC
Attorneys for Plaintiff
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 647-9300

1350 Broadway
10th Floor
New York, New York 10018
(212) 490-0988